UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT STEVEN FRANKS, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-1071-JD-APR |
| SAINT JOSEPH COUNTY JAIL, et al., | |
| Defendants. | |

OPINION AND ORDER

Robert Steven Franks, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mr. Franks is proceeding without counsel, and therefore the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Franks claims he has been subjected to unduly harsh conditions at the St. Joseph County Jail. Specifically, he claims that on certain days he has been "denied my mandatory 1 hour of recreation"; there is mold in the showers; he had to sleep on the

floor in his cell with his head near the toilet; he is not given a fresh towel each day; and he is given a roll of "tissue"—presumably referring to toilet paper--every two days. Based on these conditions, he sues the jail and Warden Russell Olmstead for monetary damages.

Although Mr. Franks is being held at a jail, public records reflect that he was convicted of a criminal offense on December 14, 2023.[1] *State v. Franks*, 71D03-2309-CM-002662 (St. Joseph Sup. Ct. closed Dec. 14, 2023). Therefore, his rights arise under the Eighth Amendment. *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison employee leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). The Constitution does not mandate comfortable prisons, but inmates are entitled to humane conditions, including having adequate ventilation, bedding, hygiene items, clothing, and sanitation. *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019). On the subjective prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834; *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). This is a high standard. "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to state an Eighth

---

[1] The court is permitted to take judicial notice of public records at the pleading stage. Fed. R. Evid. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018). The court notes that when asked to specify on the complaint form whether these events occurred while he was being detained pending trial or while he was serving a criminal sentence, he checked "other" and wrote, "While I was confined." (ECF 1 at 4.)

2

Amendment claim. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Instead, the inmate must allege "a culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021).

His allegations do not state a plausible Eighth Amendment claim. Inmates cannot be denied all forms of exercise over a long period of time, but a few missed opportunities to exercise does not give rise to an Eighth Amendment claim. *Delaney v. DeTella*, 256 F.3d 679, 687 (7th Cir. 2001) (short-term denial of exercise does not violate the Eighth Amendment). He does not provide details about the severity of the mold for the court to infer the type of severe deprivation that would support an Eighth Amendment claim, and the mere presence of mold at the jail does not violate the Constitution. *See Carroll v. DeTella*, 255 F.3d 470, 473 (7th Cir. 2001) ("[F]ailing to provide a maximally safe environment, one completely free from pollution or safety hazards, is not [cruel and unusual punishment]."); *see also McNeil v. Lane*, 16 F.3d 123, 125 (7th Cir. 1993) (inmate's exposure to moderate levels of environmental contaminants did not violate the Eighth Amendment, because such exposure "is a common fact of contemporary life and cannot, under contemporary standards, be considered cruel and unusual"). The Constitution also does not entitle him to fresh towels every day, and he does not allege that the amount of toilet paper he was given was so inadequate as to amount to the denial of the minimal civilized measure of life's necessities.

His allegations about having to sleep on the floor near a toilet are more concerning, but he does not describe how long he was subjected to this condition. It

3

appears from his allegations that it may have only been one day. This was no doubt unpleasant, but a "temporary discomfort" does not violate the Eighth Amendment. *Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir. 1994); *see also Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001) ("extreme deprivations are required to make out a conditions-of-confinement claim"). Based on what he has alleged, he has not satisfied the objective prong of the Eighth Amendment inquiry.

On the subjective prong, the only defendants he names are the jail itself and the Warden. The jail is a physical structure, not a "person" or policy-making body that can be sued for constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). It appears he is trying to hold the Warden liable because he is the top official at the jail. Liability under 42 U.S.C. § 1983 is based on personal responsibility, however, and the Warden cannot be held liable for damages solely because of his position. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). There is insufficient factual content from which the court could plausibly infer that the Warden personally engaged in conduct akin to criminal recklessness with respect to these conditions. He has not asserted a plausible Eighth Amendment claim.

To the extent Mr. Franks is asserting a claim related to his exposure to these conditions during the time he was detained pending trial, such a claim would be analyzed under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*,

4

948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). However, the "Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). A pretrial detainee states a Fourteenth Amendment claim by alleging that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendant's conduct was "objectively unreasonable." *Miranda*, 900 F.3d at 353-54. In determining whether a challenged action is objectively unreasonable, courts must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and allegations of negligence, even gross negligence, do not suffice. *Miranda*, 900 F.3d at 353.

      Mr. Franks does not provide sufficient factual content for the court to plausibly infer that any of these conditions were imposed for purposes of punishment. Additionally, he cannot sue the jail for damages, and he does not describe conduct by the Warden that was both objectively unreasonable and purposeful or knowing. As stated, he appears to be trying to hold the Warden liable for damages solely because of his position, which is not permitted under 42 U.S.C. § 1983. *Mitchell*, 895 F.3d at 498.

      Therefore, his complaint does not state a claim upon which relief can be granted. In the interest of justice, the court will allow him an opportunity to file an amended complaint if, after reviewing this order, he believes he can state a claim based on these events, consistent with the allegations he has already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **February 22, 2024**, to file an amended complaint; and

(2) CAUTIONS him that if he does file an amended complaint by the deadline, this case is subject to dismissal without further notice pursuant to 28 U.S.C. § 1915A.

SO ORDERED on January 22, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT