UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT STEVEN FRANKS,

Plaintiff,

v.                                           CAUSE NO. 3:23-CV-1071-JD-APR

SAINT JOSEPH COUNTY JAIL, et al.,

Defendants.

OPINION AND ORDER

Robert Steven Franks, a prisoner proceeding without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 8.) The court determined that his original complaint was subject to dismissal under 28 U.S.C. § 1915A. (ECF 7.) The court afforded him an opportunity to file an amended complaint before dismissing the case, and he responded with the present pleading.

As required by 28 U.S.C. § 1915A, the court must screen the amended complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mr. Franks is proceeding

without counsel, and therefore the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

As with his original complaint, Mr. Franks complains about the conditions at the St. Joseph County Jail. He claims that there is mold in the showers and around the sinks, the ventilation is poor, the "serving slots" on the cell doors are "unsanitary" because they are used to pass "dirty laundry" and other items, he had to sleep on the floor in one of the units due to overcrowding, and he has on occasion not been given "my mandatory one hour a day of fix muscle movement." (ECF 8 at 2-3.) Based on these conditions, he sues Warden Russell Olmstead and the jail itself for "compensation." (*Id.* at 4.)

Although Mr. Franks is being held at a jail, public records reflect that he was convicted of several criminal offenses in December 2023.[1] *State v. Franks*, No. 71D03-2307-F6-000770 (St. Joseph Sup. Ct. closed Dec. 7, 2023); *State v. Franks*, No. 71D03-2306-F5-000189 (St. Joseph Sup. Ct. closed Dec. 7, 2023); *State v. Franks*, No. 71D03-2309-CM-002662 (St. Joseph Sup. Ct. closed Dec. 14, 2023). He indicates that the events he describes occurred while he was confined awaiting trial (ECF 8 at 4), and so it appears he is suing over the period he spent as a pretrial detainee at the jail between June 2023 and December 2023. Such a claim must be analyzed under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018).

---

[1] The court is permitted to take judicial notice of public records at the pleading stage. Fed. R. Evid. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

2

"Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). However, the "Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). A pretrial detainee states a Fourteenth Amendment claim by alleging that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendant's conduct was "objectively unreasonable." *Miranda*, 900 F.3d at 353-54. In determining whether a challenged action is objectively unreasonable, courts must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and allegations of negligence, even gross negligence, do not state a Fourteenth Amendment claim. *Miranda*, 900 F.3d at 353.

Here, the only two defendants Mr. Franks sues are the Warden and the jail itself. As the court informed him in the original screening order, the jail is a physical structure, not a "person" who can be sued for constitutional violations. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). As for the Warden, he is not mentioned by name anywhere in the narrative section of the amended complaint. It appears Mr. Franks is trying to hold the Warden liable for damages solely because of his position, which is not permitted under 42 U.S.C. § 1983. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). He mentions having raised his concerns with "medical staff" and "jail staff," who allegedly told him they would let a supervisor know. The court cannot plausibly infer from these very general

allegations that the Warden was personally aware of these conditions and "acted purposefully, knowingly, or perhaps even recklessly" with respect to Mr. Franks' rights. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (observing that "putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened . . . that might be redressed by the law" is not enough to state a claim under federal pleading standards).

Therefore, the amended complaint does not state a claim upon which relief can be granted. "Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted); *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.* (citation omitted). Mr. Franks has already been granted an opportunity to replead, and the court pointed out specific problems with his original complaint in the screening order, including the fact that the jail could not be sued for money damages and the need to allege personal involvement by each individual defendant. (ECF 7 at 4-6.) However, his amended complaint suffers from these same problems. Given the procedural history, the court concludes that it would be futile to afford him another opportunity to amend.

For these reasons, the case is DISMISSED under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted. The clerk is DIRECTED to close this case.

SO ORDERED on April 2, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT